## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LIVE FACE ON WEB, LLC,**

            Plaintiff,

    vs.

**EXPO DESIGN, INC.**                                    **Case No.: 6:15-cv-729-Orl-KRS**

            Defendant.

---

## PLAINTIFF LIVE FACE ON WEB, LLC'S MOTION TO COMPEL RESPONSES TO ITS FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES

Plaintiff Live Face on Web, LLC ("LFOW"), pursuant to Federal Rules of Civil Procedure 37, moves to compel Brian Drutman, d/b/a Precision Spine & Wellness Center ("Defendant") to properly respond to Plaintiff's First Requests for Production (Nos. 30-32) and Plaintiff's First Set of Interrogatories (No. 6), and in support thereof, states as follows:

## I.      BACKGROUND

On May 7, 2015, LFOW filed this action for copyright infringement based on the improper distribution of LFOW Software version 7.0.0 by Defendant. LFOW's software is used to display a web spokesperson video, which is basically a video of an individual that is launched on a website when someone on the Internet opens the web page. The web spokesperson provides an explanation of the products and/or services offered by the website, which can better capture the attention of the website viewer. LFOW customers pay to license its software, allowing the customer to use LFOW's software to launch their own video, tailored to the products and/or services on their website.

In late 2013, LFOW discovered the use of its code by another company also offering web spokesperson videos. In particular, Tweople, Inc. was providing web spokesperson software that infringes LFOW's Software version 7.0.0. The infringing code from Tweople included almost 200 lines of JavaScript code that is identical to LFOW Software version 7.0.0 (the "LFOW Code"). More recently, LFOW located and investigated Defendant's website and its use of the JavaScript file main_vsp, determining an infringing version of LFOW Code was distributed at least by Defendant's website. The parties now must litigate the issues of infringement and damages.

On July 15, 2015, LFOW served its first round of requests for production, requests for admission and interrogatories. Defendant's counsel served responses on August 21, 2015. Defendant agrees to little in its responses, instead, offering relying on boilerplate objections and refusing to produce any financial documents, despite LFOW's entitlement to such information under the express language of the Copyright Act itself. Defendant's unsupported objections and blatant refusal to participate in discovery in good faith is improper. As set forth in more detail herein, LFOW's motion to compel should be granted.

## II.     LEGAL AUTHORITY

The purpose of discovery under the Federal Rules is to require disclosure of relevant information to aid in the ultimate resolution of disputed issues in a civil action. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). "Modern instruments of discovery" and "pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* at 682 (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *see also Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977)). In *Hickman v. Taylor*, the Supreme Court explained that discovery serves (1) as

a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. *Hickman*, 329 U.S. at 501. "The way is now clear, consistent with recognized privileges, for the parties to obtain *the fullest possible knowledge of the issues and facts before trial*." *Id.* (emphasis added).

In the context of discovery, relevance is much broader than it is for trial purposes. Fed.R.Civ.P. 26 (b)(1); *Dunkin Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 U.S. Dist. Lexis 25204, *7 (S.D. Fla. Nov. 1, 2001). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." *See id.* Discovery may cover "not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of evidence." *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 625 (S.D. Fla. 1977). "Indeed, the Advisory Committee Notes approvingly cite language from a case stating that 'the Rules . . . permit "fishing for evidence as they should."'" *Bank of Mong. v. M&P Global Fin. Servs.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009) (citing *Hickman*, 329 U.S. at 507 (1947) ("[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case").

The Federal Rules of Civil Procedure promote the goal of a "just, speedy, and inexpensive determination of every action." *Fed. R. Civ. P. 1.* If a party does not respond to requests for production, the discovering party may move for an order compelling said responses. *See Bank of Mong.*, 258 F.R.D. at 519 (citing Rule 37(a)(2)). Non-specific, boilerplate, general objections are essentially ignored, as they are consistently overruled. *See, e.g., Chavez v. Mercantil Commercebank, N.A.*, 2011 U.S. Dist. LEXIS 37960, *5 (S.D. Fla. Mar. 28, 2011)

("[n]onspecific, boilerplate objections do not comply with U.S. Southern District of Florida Local Rule 26.1(g)(3)(A). . ." which requires that "[w]here and objection is made . . .  to any production request under Federal Rule of Civil Procedure 34, *the objection shall state with specificity all grounds*"); *Covington v. Sailormen Inc.*, 2011 U.S. Dist. LEXIS 50590, *3 (N.D. Fla. May 6, 2011) ("[t]hese boilerplate, shotgun-style objections are not consistent with the Federal Rules of Civil Procedures' goal of securing 'the just, speedy, and inexpensive determination of every action.' Fed. R. Civ. P. 1.   Such objections will not be tolerated by this Court. . ."); *DeSoto Health & Rehab, LLC v. Phila. Indem. Ins. Co.*, 2010 U.S. Dist. LEXIS 61503, *3 (M.D. Fla. June 10, 2010) ("objections that are simply made as general blanket objections will be overruled by the Court").

## II.    ARGUMENT

### a.  Interrogatory No. 6

As set forth in the complaint, LFOW alleges that the Defendant used its website, along with the LFOW Code, to promote Defendant's products and services. (Doc. 1, ¶¶18-20.) Accordingly, LFOW's first set of interrogatories requested the identification of any products and services offered on Defendant's website during the period of alleged infringement (Interrogatory No. 5), then followed up with Interrogatory No. 6, which sought the gross revenue for those products and services offered on Defendant's website during the alleged infringement:

> Interrogatory No. 6: State your gross revenues and profits for every product and service identified in response to lnterrogatory No. 5, and identify any documentation supporting these sums.

> Response: Objection, not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, unknown.

(Ex. 1, attached hereto.)

Section 504(b) of the Copyright Act provides that a copyright owner shall be entitled to actual damages and "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." In establishing a copyright infringer's profits, "the copyright owner is required to present proof <u>only of the infringer's gross revenue</u>, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b)(underlining added). In denying a defendant's motion for summary judgment to eliminate profits as a remedy, the Middle District of Florida noted that the copyright plaintiff need only establish liability, then "the onus will lie with Defendants 'to show both the net profit (revenues less expenses) and the profit elements attributable to factors other than use of the copyrighted work." *Home Design Servs. v. Park Square Enters*., 2005 U.S. Dist. LEXIS 33627, *11 (M.D. Fla. May 2, 2005) (internal citations omitted). Courts within this Circuit have also looked toward tax returns and other financial information as discoverable to assist in assessing revenue and information in a copyright action. *See Coach, Inc. v. Swap Shop, Inc*., 2013 U.S. Dist. LEXIS 119198, 7-8 (S.D. Fla. Aug. 13, 2013). The burden is on the accused infringer to provide all documents as to the elements of costs and deductions to offset an award of defendant's profits associated with the infringement. *See Burger King v. Mason*, 710 F. 2d. 1490, 1495 (11th Cir. 1983).

In the complaint, LFOW specifically alleges:

"Defendant profits directly from and has a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allows Defendant to more effectively promote and sell its products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendant."

(Doc. 1, ¶28.) Defendant contends that its gross revenue is somehow not relevant. The Copyright Act expressly places the burden on LFOW to establish Defendant's gross revenue, so there can

be no possible theory why production of this information to LFOW is somehow not relevant to LFOW's claim for damages. The interrogatory itself is very specific, in seeking revenue <u>only</u> related to products and services offered by Defendant <u>during the period of alleged infringement</u> on Defendant's website. While Defendant has not raised a confidentiality objection, LFOW has nonetheless offered a confidentiality agreement, an offer not accepted by Defendant[1].

Defendant has taken the position (verbally but not in formal objections) that it need not turn over financial documents until liability is established. This case has not been bifurcated and the CMSO certainly does not envision staged or delayed discovery into financial information. There is no reason to do so, as discovery on both liability and damages can easily occur such that all issues can be tried together. With no bifurcation, nor facts to suggest bifurcation is proper or necessary in this case, LFOW has properly and timely sought financial information to address the damages aspect of this case. Defendant should be compelled to state its gross revenue within fourteen (14) days of this Court's Order granting this motion to compel.

**b.  Request For Production Nos. 30-32**

In addition to seeking Defendant's gross revenue for the accused website during the timeframe of alleged infringement, LFOW also sought the documents supporting both gross revenue and profits through several requests for production:

> <u>Request to Produce No. 30:</u> Your profit and loss statements during the relevant time frame.

---

[1] Objections on the grounds that information cannot be produced because it is "'proprietary information,' 'confidential information,' or 'trade secrets'" are improper where there is a protective agreement, which will "alleviate any concern" that Defendants may have over producing such documents.  *See Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 669 (N.D. Fla. 2010) (citing *Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536, *2 (D. Kan. June 6, 2002) ("it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery").

Request to Produce No. 31: Documents sufficient to evidence the gross revenue for all products and services advertised or described on your website during the relevant time frame.

Request to Produce No. 32: Documents sufficient to calculate your profits for all products or services advertised or described on your website during the relevant time frame.

To each of these three requests, Defendant provided the same exact response:

Response to RTP 30-32: Objection, overbroad in scope, premature, not relevant or reasonably calculated to lead to the discovery of admissible evidence.

(Ex. 2[2], attached hereto.) Similar to LFOW's Interrogatory No. 6, each of these requests for production sought financial documents related to the specific products and services offered by Defendant on the accused website during the "relevant time frame," i.e. the dates of accused infringement. Again, Defendant offered no legitimate objection for its refusal to produce information expressly permitted under the statute; instead, there are boilerplate objections. 17 U.S.C. §504(b). For example, Defendant argues the requests are overbroad, but they are tied to the products and services offered on the accused website. Defendant contends the request is "premature," but this Court has not bifurcated liability and damages; LFOW is entitled to pursue discovery on both issues.

If Defendant does not want to product evidence of its costs, expenses and net profit, LFOW is willing to accept a stipulation that Defendant will not argue any costs or deductions from gross revenue should be considered for purposes of disgorgement. Defendant should be compelled to produce profit and loss statements and other financial records that will allow for the calculation of gross revenue, and short of a stipulation on

---

[2] Exhibit 2 is a composite exhibit with LFOW's requests and Defendant's objections, as the responses did not also include the requests.

deductions from gross, documents establishing Defendant's net profits, within fourteen (14) days of this Court's Order granting this motion to compel.

## <u>LOCAL RULE 3.01(g) CERTIFICATE</u>

Counsel for LFOW conducted a meet and confer with counsel for Defendant on September 15, 2015. The parties were unable to resolve the issues raised in this motion.

Respectfully submitted this September 15, 2015.

*/s/Ryan T. Santurri*
Ryan T. Santurri, FL Bar No. 15698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:     407-841-2330
Facsimile:      407-841-2343

*Attorney for Plaintiff,*
*LIVE FACE ON WEB, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2015, the foregoing was submitted for filing to the

Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF")

system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

Christopher M. Harne
Florida Bar No. 0800791
charne@kpsos.com
KILLGORE, PEARLMAN, STAMP,
ORNSTEIN & SQUIRES, P.A.
2 S. Orange Avenue, 5th Floor
P. O. Box 1913
Orlando, FL 32802-1913
Telephone: (407) 425-1020
Facsimile: (407) 839-3635

*Attorneys for Defendant*

/s/ Ryan T. Santurri
Ryan T. Santurri, Florida Bar No. 15698