# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LIVE FACE ON WEB, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**EXPO DESIGN, INC.**<br><br>Defendant. | Case No.: 6:15-cv-729-Orl-KRS |

## PLAINTIFF'S MOTION TO COMPEL MEDIATION

Live Face on Web, LLC, ("LFOW") files this motion to compel mediation between the parties pursuant to the CMSO (Doc. 14) and states as follows:

This action was filed on May 7, 2015. (Doc. 1.) On July 29, 2015, the parties jointly submitted a case management report agreeing to mediation before Peter Grilli on or before November 2, 2015. (Doc. 13.) On August 27, 2015, this Court issued its CMSO (Doc. 14) appointing Mr. Grilli as mediation, to occur on or before November 2, 2015. The Court's CMSO requires attendance by lead counsel and each party, along with an insurance representative with authority to settle at the "full value of the claim or policy limit." (Doc. 14, p. 10.) As set forth below, more than ten emails and nearly as many calls have been made to counsel for Expo Design, Inc. ("Expo"), but Expo has yet to agree to a date for mediation. While the undersigned is loath to burden the Court with such a request, there is no choice but to seek assistance as the undersigned is the Designated Lead Counsel on mediation under LR 9.04.

On August 25, 2015, the undersigned emailed counsel of record for by Expo Design, Inc. ("Expo"), Christopher Harne, requesting dates for mediation[1]. Mr. Grilli had limited availability so selecting a date was important and counsel for Expo was informed of this issue. Having received no dates from counsel for Expo, the undersigned contacted counsel again on September 18. At that time, Mr. Harne indicated he was waiting for dates from his client. The undersigned proposed October 12 and followed up in four separate emails (as well as calls to Mr. Harne), but ultimately the date was filled by another party without any word from Mr. Harne. On October 6, Mr. Harne rejected the date of October 12 (which was already gone anyway), but offered no alternative. Additional calls and emails were sent by the undersigned regarding mediation, with only a single email on October 13, wherein Mr. Harne again indicated he was going to contact the insurance carrier about dates for mediation. Two subsequent emails were sent by the undersigned regarding the topic, but no response was received. In total, the undersigned has sent more than ten emails and made numerous phone calls to Mr. Harne, with no confirmation of a date for mediation. No alternative mediators, dates or deadline has been proposed by Expo.

Recently in the context of the 3.01(g) conference, Expo finally offered several dates for mediation, only one of which (October 29th) was also available with the mediator. The undersigned asked Mr. Grilli to hold October 29th, but Expo subsequently stated October 29th was not available. At this point, the only date available in November before Mr. Grilli is November 4 (which has been reserved by LFOW), but Expo indicated that date is also unavailable, instead proposing two more dates that are not available for Mr. Grilli. LFOW would be willing to proceed with mediation before another mediator, but in light of the obligations of LR 9.04, and the difficulty in getting Expo to accept a date also available to the mediator, there

---

[1] The undersigned has not attached the many emails referenced herein as in order to prevent burden the Court with sifting through emails. Certainly if the Court requests copies or counsel for Expo challenges the chronology or content of the emails the undersigned can provide copies to the Court.

was no choice but to bring the matter to the Court before the deadline for mediation passes. LFOW requests that this Court order Expo to attend mediation in November, and pursuant to the Court's requirements, that Expo attends with someone who has authority for full settlement.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for LFOW has emailed and spoken to counsel for Expo, but no resolution was reached that would allow mediation under the current deadline.

Respectfully submitted, October 29, 2015.

                                                */s/ Ryan T. Santurri*
Ryan T. Santurri
Florida Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

***Attorney for the Plaintiff,
Live Face on Web, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this October 29, 2015, and which will electronically transmit an electronic copy to all counsel of record.

Christopher M. Harne
Florida Bar No. 0800791
charne@kpsos.com
KILLGORE, PEARLMAN, STAMP,
ORNSTEIN & SQUIRES, P.A.
2 S. Orange Avenue, 5th Floor
P. O. Box 1913
Orlando, FL 32802-1913
Telephone: (407) 425-1020
Facsimile: (407) 839-3635

*Attorneys for Defendant*

                                           */s/ Ryan T. Santurri*
                                           Ryan T. Santurri, Florida Bar No. 15698